## RICHARDS, J.

It is urged that the plaintiff was guilty of contributory negligence in turning to the left to cross the Main Market Road as he had seen a car approaching 250 to 300 feet distant and without giving any signal, but according to the evidence of the plaintiff and his wife, their car had crossed the line of traffic on a main highway in safety and was struck by the defendant's car to the south of said highway and the defendant, in order to strike plaintiff's car at that point, must have veered to his right, off the main road. Under these circumstances we think there was sufficient evidence to have carried the case to the jury.

The judgment will therefore be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ., concur.

## WALDRON v SOUTHWESTERN BUS CO

Ohio Appeals, 6th Dist, Huron Co
No 259.  Decided April 23, 1930

Young & Young, Norwalk, for Waldron.
G. Ray Craig, Norwalk, for Bus Co.

## RICHARDS, J.

The defendant company, while she was a passenger, owed her a high degree of care for her safety, but she alighted from the bus in a place of safety and the relation of carrier and passenger thereupon terminated. The proximate cause of her, subsequent injury was either her own negligence in walking in front of an approaching automobile, or the negligence of the operator of such automobile, and the defendant was in no sense responsible for the injury resulting therefrom. Having discharged the passenger in a place of safety, there could be no causal connection between that act and the injury which she suffered. She was familiar with the surrounding conditions and the operator of the bus owed no duty to warn her of approaching automobiles.

**Reining, Admx. vs. Northern Ohio Traction & Light Co., 107 Ohio St., 528;**
**Cleveland R. R. Co. vs. Sebasta, et al., Supreme Court of Ohio, May 29, 1929, published in Ohio Bar July 9, 1929.**

The authorities on this question are collected in a note to Chesley, Admr. vs. Waterloo, Cedar Falls & Northern R. R. Co., (Iowa), 12 A. L. R., 1366.

For the reasons given the judgment will be affirmed.

Williams and Lloyd, JJ., concur.

## AMERICAN LIABILITY CO v FENTON

Ohio Appeals, 6th Dist, Erie Co
No 325.  Decided April 19, 1930

King, Ramsey & Flynn, Sandusky, for Liability C.o
John F. McCrystal, Sandusky, for Fenton.

force and his lien preserved until his claim was satisfied or the proceeds of the sale of the attached property, in so far as they were applicable to his claim, were applied thereon. Upon sale of the property under the agreement, the lien would attach to the fund derived therefrom.

For the reasons given the judgment will be reversed and the cause remanded with directions to overrule the motion "to dismiss" the attachment, and for further proceedings according to law not inconsistent with this opinion.

Williams, Lloyd and Richards, JJ., concur.

### SMITH Exrx etc v STEVENSON Admr etc

Ohio Appeals, 3rd Dist, Hardin Co
No 222. Decided March 25, 1930

Stickle & Cessna, Kenton, for Smith.
John H. Smick, Kenton, for Stevenson.

---

Williams, Lloyd and Richards, JJ., concur.

### SAYERS v STAHL

Ohio Appeals, 6th Dist, Williams Co
No 184. Decided April 21, 1930

Weaver & Weaver and C. L. Newcomer, Bryan, for Sayers.

Charles T. Stahl, Bryan, and E. C. Peck, Bryan, for Stahl.

#### BY THE COURT

There are in general only two grounds for the dissolution of an attachment: first, that the affidavit is insufficient, and, second, that the grounds stated in the affidavit are untrue. Swan's Treatise, 20th Ed., page 480. The dissolution of the attachment was not made on either of these grounds. Under the circumstances the plaintiff had a right to have his attachment remain in